HORATIO WOODMAN *vs.* MARY E. SALTONSTALL.    SAME *vs.*
GEORGE H. SAUNDERS.

A bill in equity, brought by the assignee of an insolvent debtor, praying that the defendant, to whom such debtor has made a conveyance of land, for the purpose of giving an unlawful preference, may be ordered to give up the deed, and re

lease the land to the assignee, shows that the plaintiff has a plain, adequate, and complete remedy at law, by a writ of entry, and this court therefore have no jurisdiction under *St.* 1838, *c.* 163, § 18, although a discovery is prayed for; for a discovery might be had in aid of proceedings at law.

THESE were bills in equity, brought by the assignee in insolvency of Richard Saltonstall, in each of which the plaintiff averred that the said Richard made a promissory note payable to the defendant, who endorsed the same for his accomodation, and that he, knowing or believing himself to be insolvent, and in contemplation of petitioning for the benefit of the insolvent law, and for no legal consideration, conveyed certain real estate to the defendant, to secure the defendant against liability upon said endorsement, in order to give the defendant a preference over his other creditors, in fraud of the insolvent law; and that such conveyance was accepted by the defendant, knowing or believing, or having reasonable cause to believe, the said Richard to be insolvent; and that such conveyance was therefore fraudulent and void as to other creditors.  The prayer of the bill in each case was, that forasmuch as the plaintiff was remediless at law, and could not have adequate relief save in a court of equity, the defendant might answer upon oath, and especially to certain interrogatories stated in the bill; and that the defendant might be decreed to release and convey to the plaintiff the estate so conveyed, and to deliver up the deed to be cancelled.

The defendant in each case demurred generally for want of equity in the bill. alleging that the plaintiff had a full, adequate, and complete remedy at law; and, not waiving the demurrer, answered, admitting the making of the notes and their endorsement for the benefit of said Richard, and the conveyance by him, but denying that the defendant knew or believed, or had reasonable cause to believe him insolvent.

*J. A. Andrew*, for the plaintiff.

*N. J. Lord*, for the defendants.

SHAW, C. J.   We are of opinion that our chancery powers under the insolvent laws should not be exercised, unless it appear that the remedy at law is inadequate.  *Thayer* v. *Smith*, 9 Met. 469.   The only distinction suggested by the plaintiff's

counsel between that case and the present, is, that here the bill prays for a discovery. The plaintiff in that case waived an answer on oath, and his bill presented only an ordinary case of fraudulent conveyance, suitable for investigation in a real action by common law evidence. It was there argued, as a ground for jurisdiction, that the court might order the fraudulent deed to be delivered up, and thus remove a cloud upon the title; but it was suggested that nothing could more effectually clear the title than a judgment at law. The fact, that an answer is required on oath in the present case, is not sufficient to distinguish this case from that of *Thayer* v. *Smith;* and if the plaintiff's remedy is properly at law, a discovery may be had in aid of his other evidence. Cases may be imagined, indeed, where the interposition of chancery powers would be desirable; as where the title had gone through several changes, and several parties were insolvent, whose consciences it would be necessary to search. The powers of a court of equity ought not to be resorted to, unless a special case is made by the bill, showing that, for the reasons specifically set forth, the plaintiff has no adequate and complete remedy at law. But where no transfer has been made by the supposed fraudulent grantee, and no question of notice to a third person arises, the proper remedy is by a common writ of entry against the grantee. And in general, without a sufficient ground stated in the bill, showing the necessity for the exercise of chancery powers, a bill in equity will not lie.

*Bill dismissed without prejudice,*